Jane Flaster KUZNITSKY, formerly known as Jane Flaster Biggard, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 93–2782.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1994.

Decided March 1, 1994.

Michael V. Casey, Asst. Atty. Gen., Holleb & Coff, Mark H. Van De Voorde, Chicago, IL, Mark S. Novak (argued), Jeff Bases, Encino, CA, for plaintiff-appellant.

Gary R. Allen, Calvin C. Curtis, Richard J. Gagnon, Jr., Dept. of Justice, Tax Div., Appellate Section, Washington, DC, Craig A. Oswald, Office of the U.S. Atty., Chicago, IL, Sarah K. Knutson (argued), Dept. of Justice, Tax Div., Appellate Section, Washington, DC, Robert N. Kwan, Office of the U.S. Atty., Los Angeles, CA, for U.S.

Before EASTERBROOK and RIPPLE, Circuit Judges, and MIHM, District Judge.*

RIPPLE, Circuit Judge.

Jane Kuznitsky appeals the district court's dismissal of her case for lack of jurisdiction. Ms. Kuznitsky had sought a refund from the IRS for a penalty that it had assessed against her as a "responsible person" under 26 U.S.C. § 6672(a). The IRS disallowed her claim for refund, and she sought relief in the district court. The district court concluded that Ms. Kuznitsky had failed to file a timely claim for refund under 26 U.S.C. § 6511(a), and that this omission deprived the court of jurisdiction to hear her case. For the reasons that follow, we affirm the judgment of the district court.

## I

## BACKGROUND

Ms. Kuznitsky's former husband operated a corporation known as Cheap Wheels of the Valley, Inc. ("CWV"). CWV failed to file payroll taxes for various quarters in 1983 and 1984. In March 1987, the IRS assessed a penalty against Ms. Kuznitsky in the amount of the unpaid payroll taxes. The IRS assessed this penalty under the authority of 26 U.S.C. § 6672(a), which provides in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the

tax evaded, or not collected, or not accounted for and paid over.

In September 1987, the IRS sent Ms. Kuznitsky a Notice of Federal Tax Lien with respect to this penalty. On November 23, 1987, CWV's payroll tax returns for 1983 and 1984 were filed. On December 24, 1987, pursuant to the Notice, the IRS levied $47,425.42 of Ms. Kuznitsky's funds.

In August 1990, Ms. Kuznitsky filed with the IRS a claim for refund of the § 6672 penalty. She claimed that she was not a "responsible person" under § 6672(a), i.e., that she was not responsible for collecting, accounting for, or paying over withheld taxes for CWV and thus that she could not be liable for the willful failure to perform these duties. The IRS disallowed Ms. Kuznitsky's claim.

Ms. Kuznitsky then filed a complaint in district court to recover the § 6672 penalty. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the government then filed a motion to dismiss for lack of jurisdiction. The district court granted the motion to dismiss. The district court reasoned that a precondition to bringing a suit to recover any illegally or erroneously collected tax is the timely filing of a claim for refund with the IRS. The timeliness of a claim is determined under 26 U.S.C. § 6511(a). Section 6511(a) specifies several possible time periods in which a claim for a refund may be filed with the IRS. Ms. Kuznitsky had filed no return; therefore, according to the terms of § 6511(a), she had to file her claim within two years of her payment of the tax. Because she had waited more than two years, her claim was untimely and the court lacked jurisdiction to hear the case. Ms. Kuznitsky now appeals that determination.

## II

## DISCUSSION

This case presents one fundamental issue: whether the district court had jurisdiction to consider Ms. Kuznitsky's claim for refund of

---

* The Honorable Michael M. Mihm, Chief Judge of the United States District Court for the Central District of Illinois, is sitting by designation.

the § 6672 penalty. In order to resolve this matter, we must determine whether Ms. Kuznitsky satisfied a precondition for bringing suit against the United States for a tax refund—the timely filing of a claim with the IRS.

■ Before undertaking our analysis of the statutory scheme, we must recall several familiar principles of sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). Although the government clearly may waive its sovereign immunity, any such waiver cannot be implied but must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). In addition, the government has the power to attach conditions to its consent to be sued. *United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941); *see also Lehman v. Nakshian,* 453 U.S. 156, 161 & 168, 101 S.Ct. 2698, 2702, 2705, 69 L.Ed.2d 548 (1981) (holding that Congress conditioned waiver of sovereign immunity under § 15 of the Age Discrimination in Employment Act on plaintiff's relinquishing any claim to a jury trial).

■ These general principles are applicable in the case of a party suing the United States for a tax refund. *See United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). The United States has consented to such a suit, but has also imposed conditions on its . consent. Among the conditions the government has imposed is the requirement that the party seeking the refund initially file an administrative claim with the IRS. 26 U.S.C. § 7422(a).[1] Indeed, the party must not only file an administrative claim but must also file it within the appropriate time period pre-scribed in 26 U.S.C. § 6511(a), which provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

If Ms. Kuznitsky's administrative claim was untimely under § 6511(a), she failed to comply with a condition that Congress has imposed for the waiver of sovereign immunity, and the district court would be without jurisdiction to entertain her suit.

■ Ms. Kuznitsky submits that she can rely on the filing of CWV's tax returns to mark the beginning of the statute of limitations for filing her claim for refund. She reasons that, in the context of a § 6672 case, the word "taxpayer" in § 6511(a) can reasonably be read to refer to the employer, as opposed to the party seeking a refund of the § 6672 penalty. Under such an interpretation, the tax "in respect of which ... the taxpayer [i.e., the employer] is required to file a return" is the tax underlying the § 6672 penalty, namely the corporate payroll tax. In other words, Ms. Kuznitsky contends that a party who seeks a refund of a § 6672 penalty does so in respect to a tax (the payroll tax) for which a taxpayer (the employer) is required to file a return. On this reading of the statute, Ms. Kuznitsky had three years from the time CWV's returns were filed in which to file her administrative claim.

---

1. Section 7422(a) provides:
   No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been exces-sive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

We cannot accept Ms. Kuznitsky's argument. Employers are required to withhold federal social security and income taxes from their employees' wages. 26 U.S.C. §§ 3102 & 3402. These funds constitute a special fund held in trust for the benefit of the United States. 26 U.S.C. § 7501(a). When a "responsible person"—one charged with the duty of ensuring that the employer pays its taxes—willfully fails to carry out his duty, that person can be assessed a penalty equivalent to the unpaid taxes. 26 U.S.C. § 6672(a); *see also United States v. Running*, 7 F.3d 1293, 1294 (7th Cir.1993). The Internal Revenue Code deems this liability under § 6672 to be a "tax." *See* 26 U.S.C. § 6671(a). Thus, when a party seeks to recover money paid as a penalty under § 6672(a), the party is making a "[c]laim for credit or refund of an overpayment of [a] tax," as contemplated under § 6511(a). In order to qualify for the three-year filing period, the § 6672 penalty must be a tax "in respect of which ... the taxpayer is required to file a return." However, although a § 6672 penalty is considered a tax under the Code, no return is filed when paying such a penalty.

Ms. Kuznitsky nevertheless maintains that the § 6672 penalty is a tax "in respect of which ... the taxpayer is required to file a return." To support her view, she submits that the § 6672 penalty is derivative of the employer's tax liability. Because these two liabilities are "inextricably related," she argues, the § 6672 penalty is most appropriately viewed as a tax "in respect of which" the taxpayer (i.e., the employer) is required to file a return. We cannot accept this reasoning. Liability for the penalty under § 6672(a) is premised on the responsible person's *conduct*, namely the party's willful failure to account for and pay over taxes owed to the government. *See Running*, 7 F.3d at 1294. In contrast, an employer's liability to the government for payroll taxes arises as an incident of the payment of wages and salaries in the employment relationship. *See* 26 U.S.C. § 3403. Therefore, although penalty liability under § 6672(a) cannot exist without the employer's being liable for taxes, such liability does not arise automatically. Rather, it requires willful conduct on the part of the responsible person. Thus, we have recognized that an individual's liability under § 6672(a) and an employer's liability for trust fund taxes are "separate and distinct." *See United States v. Schroeder*, 900 F.2d 1144, 1146 n. 1 (7th Cir.1990) ("[T]he individual's liability under § 6672 is separate and distinct from a business's liability for trust fund taxes."); *Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186, 1191 (7th Cir.1989) (noting that § 6672 "does not authorize a responsible person to recover from the firm" because § 6672 liability "stand[s] apart from the firm's tax debt"); *Monday v. United States*, 421 F.2d 1210, 1218 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970) ("[T]he corporate and individual liabilities under Section 6672 are separate and distinct.").

The preceding discussion makes clear that, when a party seeks to recover a § 6672 penalty, the only "tax" for which a refund is sought is the § 6672 penalty, *not* the underlying payroll tax. It follows that, because the party seeking the refund is the one that has paid the § 6672 "tax," that party must be considered the "taxpayer" referred to in § 6511(a). Therefore, the three-year limitations period in § 6511(a) does not apply to a party seeking a refund of a § 6672 penalty because that party is not a taxpayer who, with respect to the tax at issue, has filed a return. This conclusion is consistent with decisions of other courts that have addressed, albeit somewhat obliquely, the issue. *See USLIFE Title Ins. Co. v. Harbison*, 784 F.2d 1238, 1243 n. 6 (5th Cir.1986) (stating in dicta that "[s]ince no returns are filed in the case of Section 6672 liabilities, only the two-year rule [of § 6511(a)] has significance here"); *Cella v. United States*, 80–1 U.S. Tax Cas. (CCH) ¶ 9369, at 83,981, 1980 WL 1535 (E.D.N.Y.1980) (applying, without discussion, the two-year limit in § 6511(a) to a claim for refund of a § 6672 penalty); *Montana v. United States*, 76–1 U.S.Tax Cas. (CCH) ¶ 9145, at 83,159 n. 1, 1975 WL 767 (D.Neb. 1975) (same). Accordingly, we hold that a taxpayer seeking a refund of a § 6672 penalty must file an administrative claim within two years from the time the tax is paid in

order to satisfy the requirement of § 6511(a).[2]

In the instant case, because no return was filed with respect to the § 6672 penalty, Ms. Kuznitsky had two years from the time she paid the penalty in which to file an administrative claim for refund. 26 U.S.C. § 6511(a); Treas.Reg. 301.6511(a)–1(a)(2).[3] She paid the § 6672 penalty (by levy) on December 24, 1987, and therefore had until December 24, 1989 to file an administrative claim for refund. She waited until August 1990. Thus, she failed to comply with a condition for the waiver of sovereign immunity. Consequently, the district court did not have jurisdiction to entertain her suit.

Finally, Ms. Kuznitsky argues that § 6511(a) is so vague that a party seeking a refund of a § 6672 penalty cannot know that the three-year limitation does not apply to her. We believe that our discussion above demonstrates that this is not the case. We believe that the text of the statute, especially when read along with the implementing Treasury Regulation 301.6511(a)–1, makes clear the timeliness requirement for filing an administrative claim for refund of a § 6672 penalty.

---

**2.** Ms. Kuznitsky relies heavily on *David v. United States*, 551 F.Supp. 850 (C.D.Cal.1982). Assuming, arguendo, the correctness of this decision, it is not helpful in the resolution of the case at hand. In that case, David believed that he was personally responsible for unpaid employment taxes, so he paid the IRS in an effort to satisfy this supposed liability. He later filed a claim for refund with the IRS, but the IRS denied this claim. David then brought a civil action in district court. The court determined that David's administrative claim was timely under § 6511(a) because he had filed it within three years from the time the corporate employer's tax returns had been filed. *Id.* at 852. *David* is inapplicable because no § 6672 penalty had been assessed at the time that David made payment to the IRS. David's payment thus went to satisfy the corporate employer's tax debt. *Id.* Therefore, the tax for which David sought a refund was the employment tax, for which a return is required to be filed.

**3.** Treasury Regulation 301.6511(a)–1 provides in relevant part:

## Conclusion

Accordingly, we affirm the judgment of the district court dismissing Ms. Kuznitsky's complaint for lack of jurisdiction.

AFFIRMED.

---

(a) In the case of any tax (other than a tax payable by stamp):

(1) If a return is filed, a claim for credit or refund of an overpayment must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever of such periods expires the later.

(2) If no return is filed, the claim for credit or refund of an overpayment must be filed by the taxpayer within 2 years from the time the tax was paid.

(b) In the case of any tax payable by means of a stamp, a claim for credit or refund of an overpayment of such tax must be filed by the taxpayer within 3 years from the time the tax was paid.