CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 94 Civ. 0646 (JES).

United States District Court,
S.D. New York.

Sept. 24, 1996.

Consolidated Edison Company of New York, New York City, for Plaintiff; Stephen Ianello, of counsel.

Mary Jo White, United States Attorney for the Southern District of New York, New York City, for Defendant; Edward Scarvalone, Assistant United States Attorney, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Consolidated Edison Company of New York, Inc. ("Con Ed") brings the instant tax refund action to recover certain denied tax credits for tax years 1982, 1983 and 1984. Defendant United States of America moves to dismiss the refund claims for tax years 1982 and 1984 on the ground that the statutes of limitations have expired. In addition, the parties seek certification of the instant decision for interlocutory appeal pursuant to 28 U.S.C.A. 1292(b).

## BACKGROUND

During tax years 1982, 1983 and 1984, Con Ed made a series of payments to the Electric Power Research Institute ("EPRI"). *See*

Complaint ("Compl.") ¶¶ 38, 39. EPRI conducts scientific research into the uses of electrical power and oversees a nationwide research and development program for the electric utility industry. *See id.*

In September of 1983, 1984 and 1985, Con Ed timely filed corporate tax returns for tax years 1982, 1983 and 1984, respectively, with the Internal Revenue Service (the "IRS"). *Id.* ¶¶ 8, 22, 36. Pursuant to Internal Revenue Code ("I.R.C.") sections 41 and 174, in each of those returns Con Ed claimed a research and development credit for payments made to EPRI on the ground that EPRI qualifies as a public interest scientific organization under I.R.C. § 501(c)(3).[1] *Id.* ¶¶ 10, 24, 38.

On April 24, 1986, March 16, 1987, and March 28, 1988, Con Ed filed a series of forms entitled "Consent to Extend the Time to Assess Tax" (hereinafter "consent forms") with the IRS, thereby extending the statute of limitations for each of the tax years in question to July 31, 1990. Compl. ¶¶ 13, 27, 41. On April 24, 1989, Con Ed executed a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" for all tax years in question (the "waiver"). *Id.* ¶¶ 14, 28, 42. In the waiver, the parties stipulated to certain tax deficiencies and overpayments between the IRS and Con Ed. *Id.*

On August 9, 1989, the IRS audited Con Ed's tax returns for tax years 1982, 1983 and 1984. *See* Compl., Exh. A. Pursuant to the audit, the IRS determined that Con Ed had overpaid its taxes for tax years 1982 and 1984 and underpaid its taxes for tax year 1983. *Id.* In addition, the IRS determined that EPRI did not qualify as a research organization under I.R.C. § 501(c)(3). *Id.* As a result, the IRS determined that Con Ed was not entitled to the credits claimed for its payments to EPRI.[2] *Id.*

Year 1982—Overpayment

| | |
|---|---|
| Principal | $ 7,900,855.00 |
| Interest | $ 7,059,215.58 |
| Total Overpayment | $14,960,070.58 |

---

1. Con Ed claimed research and development credits in the following amounts:
   Tax year 1982—$335,525
   Tax year 1983—$ 55,742
   Tax year 1984—$ 77,419
   *Id.* ¶¶ 9, 23, 37.

2. The corporate income tax overpayments and deficiencies resulting from the audit are as follows:

On September 12, 1989, at the conclusion of the audit, the IRS issued refund checks to Con Ed in the amounts of $10,043,098.69 and $2,851,262.15. Compl., Exh. A. The refund checks were accompanied by a breakdown explaining how the amounts had been calculated. *See* Letter of James C. Allan, Con Ed Federal Tax Manager, dated January 4, 1990, attached to Compl. at Exh. A, C, D. These checks reflected the final determination of the audit and included the offset of corporate income tax overpayments in tax years 1982 and 1984 against, *inter alia*, the denied EPRI credits in the same tax years. *Id.* ¶¶ 14, 28, 42. In addition, the IRS applied the tax overpayment for tax year 1982 against the tax deficiency assessed for tax year 1983.

On August 26, 27, and 28 of 1991, Con Ed filed amended tax returns for tax years 1982, 1983 and 1984, respectively, with the IRS. Compl. ¶¶ 15, 29, 43. In the amended returns, Con Ed claimed a refund for principal and interest on the denied credits relating to payment made to EPRI. *Id.* On February 7, 1992, the IRS denied all of Con Ed's refund claims. *Id.* ¶¶ 16, 30, 44.

On February 1, 1994, Con Ed filed the instant action, seeking a refund of denied credits in the total amount of $468,686.00 plus interest, for payments made to EPRI in tax years 1982 (Count I), 1983 (Count II) and 1984 (Count III). Pursuant to Fed.R.Civ.P. 12(b)(1), defendant moves to dismiss Counts I and III on the ground that the statutes of limitations have expired. The parties also seek certification of this decision on defendant's motion pursuant to 28 U.S.C.A. 1292(b). For the reasons set forth below, defendant's motion to dismiss and the appli-

Year 1983—Deficiency

| | |
|---|---|
| Principal | $ 2,823,899.00 |
| Interest | $ 2,092,262.89 |
| Total Deficiency | $ 4,916,161.89 |

Year 1984—Overpayment

| | |
|---|---|
| Principal | $ 1,836,202.00 |
| Interest | $ 1,015,060.15 |
| Total Overpayment | $ 2,851,262.15 |

cation for § 1292(b) certification are granted.[3]

## DISCUSSION

In ruling on a motion to dismiss, the Court accepts the allegations in the complaint as true. *See Walker v. City of New York*, 974 F.2d 293 (2d Cir.1992), *cert. denied*, 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993); *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991).

Internal Revenue Code § 7422(a) provides that no suit for recovery of any internal revenue tax alleged to have been erroneously assessed or collected shall be maintained "until a claim for refund or credit has been duly filed with the [IRS], according to the provisions of law in that regard." I.R.C. § 7422(a) (1994). Section 6511(a) of the Internal Revenue Code provides that a timely claim for refund of federal income taxes

> shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

I.R.C. § 6511(a) (1994).

Where the parties agree to extend the statutory period for assessment of a tax, the period for filing a claim for a credit or refund is extended until "6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof...." I.R.C. § 6511(c)(1) (1994). The failure to file a timely claim for refund is a jurisdictional bar to suit. *See United States v. Dalm*, 494 U.S. 596, 602, 110 S.Ct. 1361, 1365, 108 L.Ed.2d 548 (1990), *reh'g denied*, 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990);

*Id.*

---

**3.** Oral Argument on the instant motion to dismiss was held on November 18, 1994. By Order dated December 1, 1994, the Court denied defendant's motion to dismiss for the reasons set forth on the Record at Oral Argument. Thereafter, in seeking certification pursuant to 28 U.S.C.A. 1292(b), the parties learned that no transcript of the Court's decision was available. When the parties appeared before the Court to discuss the instant motions, the Court indicated that it would reconsider its earlier decision.

*Kuznitsky v. United States,* 17 F.3d 1029, 1031 (7th Cir.1994).

Here, Con Ed filed its claim for a refund of corporate income taxes for tax year 1982 on August 26, 1991, more than three years after the filing of Con Ed's tax returns on September 14, 1983, and more than six months beyond the designated final date of July 31, 1990, the date set forth in Con Ed's consent to extend the statute of limitations referred to above. Likewise, Con Ed filed its refund claim for tax year 1984 on August 28, 1991, more than three years after Con Ed filed its 1984 tax return on September 10, 1985, and more than six months after July 31, 1990.

As a result, the refund claims for tax years 1982 and 1984 are untimely unless Con Ed made a "payment" of taxes for those years within the meaning of section 6511(a) within two years of August 26 and August 28, 1991, the dates Con Ed filed the instant refund claims for tax years 1982 and 1984, respectively. I.R.C. § 6511(a) (1994).

■ The term tax "payment" should be afforded its ordinary meaning. *See Rosenman v. United States,* 323 U.S. 658, 661, 65 S.Ct. 536, 537–38, 89 L.Ed. 535 (1945) (interpreting phrase "payment of [ ] tax" in predecessor statute to § 6511(a)). In that regard, courts have consistently interpreted "payment" as a remittance which satisfies an asserted tax liability. *See Ewing v. United States,* 914 F.2d 499, 503–04 (4th Cir.1990), *cert. denied,* 500 U.S. 905, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991); *Ameel v. United States,* 426 F.2d 1270, 1273 (6th Cir.1970); *Lewyt Corp. v. Comm'r of I.R.S.,* 215 F.2d 518, 522 (2d Cir.1954), *aff'd in part and rev'd in part on other grounds,* 349 U.S. 237, 75 S.Ct. 736, 99 L.Ed. 1029 (1955); *Blatt v. United States,* 830 F.Supp. 882, 886–87 (D.S.C. 1993), *aff'd,* 34 F.3d 252 (4th Cir.1994). It follows that "a remittance which does not *satisfy* an asserted tax liability should not be treated as the 'payment' of a tax." *Lewyt,* 215 F.2d at 522–23 (emphasis in original).

Here, Con Ed incurred no tax deficiency for tax years 1982 and 1984. Instead, Con Ed was issued refunds for those years in the amounts of nearly eight million dollars and two million dollars, respectively. Since Con Ed had already satisfied all of its corporate income tax obligations for the tax years 1982 and 1984, it had no liability to be "discharged" in those years. *Lewyt,* 215 F.2d at 522.

■ Nor did the denial of the EPRI tax credits create an outstanding income tax liability, which was "paid" when offset against an overpayment of income taxes for the same year. An assessment of tax liability or overpayment resulting from an audit "involves not the offsetting of an overassessment against an existing deficiency, but the offsetting of an upward adjustment against a downward adjustment to a single tax liability ... for a single tax year." *Kingston Products Corp. v. United States,* 368 F.2d 281, 287 (1966).

■ Thus, in an action for a tax refund, a taxpayer may challenge only the final tabulation of total credits offset against total debits, not each debit or credit which may have been used to determine the taxpayer's liability. *See id.,* 368 F.2d at 287 (citing *Lewis v. Reynolds,* 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293 (1932)); *Republic Petroleum Corp. v. United States,* 613 F.2d 518, 525 (5th Cir.1980). These offsets are merely interim adjustment steps used to calculate the final tax liability or credit for the year at issue. *See Kingston,* 368 F.2d at 287; *Republic,* 613 F.2d at 525.[4]

■ A tax may be deemed to be paid if a cash credit of the taxpayer is charged against a determined assessment of a different type of class for the same year or if any overpayment of one year is credited against a deficiency of another year. *See Kingston,* 368 F.2d at 287 (citing, *inter alia, Babcock & Wilcox Co. v. Pedrick,* 212 F.2d 645, 648 (2d Cir.1954), *cert. denied,* 348 U.S. 936, 75 S.Ct. 355, 99 L.Ed. 733 (1955); *Rosenman v. United States,* 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945)). However, Con Ed does

---

4. Indeed, to hold otherwise would mean that every time the IRS audited a taxpayer and made an adjustment to the taxpayer's return by offsetting the denied item against a credit, a claim for a refund would exist as to the denied claim, even if all adjustments netted to zero and the IRS neither made an assessment nor issued a refund.

not allege that the offset of the overpayment against the denied credits involved any tax other than corporate income taxes for the same year. It follows that, on these facts, the refund does not constitute a "payment" of tax liability within the meaning of § 6511(a). *See Republic*, 613 F.2d at 525 ("the offsetting of adjustments for a single tax year [ ] by the IRS in the instant case does not constitute payment of tax for the purpose of I.R.C. § 6511(a)"); *see also Kingston*, 368 F.2d at 287 ("[t]he principle of credit allowances . . . 'applies after the offsetting amounts are ascertained and not to their ascertainment.'") (quoting *Babcock & Wilcox Co. v. Pedrick*, 212 F.2d at 648).[5]

Con Ed argues that the September 12, 1989 refund, reflecting an offset of its overpayment of taxes in tax years 1982 and 1984 against the denied EPRI tax credits for the same years, is a "payment" because it constitutes "credit of an overpayment of [a] tax in satisfaction of [a] tax liability" within the meaning of I.R.C. § 7422(d).[6] Notwithstanding the case law referred to above, Con Ed concludes that the use of the words "credit of *any* overpayment of *any* tax" in the statute obviates the requirement that a "payment" involve an offset between different kinds of taxes or taxes of different years.

However, the legislative history accompanying the enactment of section 3772(e), the predecessor to section 7422(d),[7] makes clear

that that section was enacted to permit the IRS to credit taxes of one class against taxes of another class. Section 3772(e) was enacted together with a companion section 3770(a)(4), which is now codified as section 6402(a).[8] Sections 3772(e) and 3770(a)(4) were added to the 1939 Internal Revenue Code by sections 9(b) and (a), respectively, of the Act of August 27, 1949, 63 Stat. 666. The Senate Finance Committee explained the provisions as follows:

> This section [9(a) ] would add to the Internal Revenue Code a provision authorizing the Commissioner of the Internal Revenue to credit the *overpayment of one class of tax against taxes of other classes then due.* Such crediting is not now possible under the code. By recognizing the overall tax liability of taxpayers, the amendment will facilitate the collection of taxes and expedite the adjustment of cases involving overpayments and underpayments of tax. This section [9(b) ] would also amend section 3772 to provide that the credit of an overpayment of any tax shall for the purpose of any suit for refund be deemed to be a payment of tax . . . at the time the credit is allowed.

S.Rep. No. 685, 81st Cong., 1st Sess. (1949), *reprinted in* 1949 U.S.C.C.A.N. at 1876, 1880 (emphasis added).

It is clear from this legislative history that Congress contemplated the offset of taxes

---

5. In this respect, defendant concedes that Con Ed's claim for a refund for tax year 1983 is timely. In issuing the September 29, 1991 refund check, the IRS offset part of Con Ed's 1982 tax refund against Con Ed's 1983 tax year deficiency. Pursuant to I.R.C. § 7422(d), this interyear offset was therefore a "payment" within the meaning of § 6511(a). *See Kingston*, 368 F.2d at 287. That offset was made within two years of the date that Con Ed filed its refund claim for tax year 1983, on August 27, 1991.

6. Internal Revenue Code § 7422(d) provides that

[t]he credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed.
I.R.C. § 7422(d) (1994).

7. Section 7422(d) is identical to its predecessor, except that section 3772(e) contained a reference

to payment being made "to the collector's office." I.R.C. § 3772(e) (1952).

8. I.R.C. § 3770(a)(4) provided:

Credit of overpayment of one class of tax against another class of tax due.—Notwithstanding any provision of law to the contrary, the Commissioner may, in his discretion, in lieu of refunding an overpayment of tax imposed by any provision of this title, credit such overpayment against any tax due from the taxpayer under any other provision of this title.
I.R.C. § 3770(a)(4) (1949).
I.R.C. § 6402(a) provides, in pertinent part:
General Rule.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall . . . refund any balance to such person.
I.R.C. § 6402(a) (1994).

only when a final determination of tax liability had already been made, and not a situation where, as here, the offsets were but steps in the determination of the same class of tax for the same year.[9]

 The parties also seek certification of this Court's decision pursuant to 28 U.S.C.A. 1292(b). The parties have stipulated that if the dismissal of Con Ed's refund claims for tax years 1982 and 1984 is affirmed, they "anticipate that they will be able to compromise Con Ed's refund claim for 1983 if that year were the only tax year at issue in this case" in light of the substantial cost in litigating the remaining 1983 refund claim for $55,742. Thus, the parties have met their burden in establishing that "an immediate appeal ... may materially advance the ultimate termination of the litigation." 28 U.S.C.A. 1292(b) (1994); *see also Collins v. Promark Products, Inc.*, 763 F.Supp. 1206, 1208 (S.D.N.Y.1991), *aff'd*, 956 F.2d 383 (2d Cir.1992); *SCM Corp. v. Xerox Corp.*, 474 F.Supp. 589, 594 (D.Conn.1979), *aff'd*, 645 F.2d 1195 (2d Cir.1981), *cert. denied*, 455 U.S. 1016, 102 S.Ct. 1708, 72 L.Ed.2d 132 (1982), *and reh'g denied*, 456 U.S. 985, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982). Because the appeal would involve a controlling question of law about which there is substantial ground for a difference of opinion as to whether the offset of a tax overpayment against a denied credit of the same kind of tax for the same year constitutes a payment within the meaning of § 6511(a), certification for interlocutory appeal is appropriate. *See, e.g., Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990) (defining "controlling question of law"), *vacated*, 937 F.2d 44 (2d Cir.1991).

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss and the application

for certification pursuant to 28 U.S.C.A. 1292(b) shall be and hereby are granted.

It is **SO ORDERED.**

---

9. Nor does the fact that the audit was performed more than three years after Con Ed filed its tax returns compel a different result. The IRS denied the EPRI credits when it issued the refund checks on September 12, 1989. As noted above, since the parties agreed to extend the statutory period for assessment of a tax until July 31, 1990,

the period for filing a claim for refund was extended for six months until January 31, 1991, pursuant to I.R.C. § 6511(c)(1). Thus, Con Ed was afforded sixteen months between September 12, 1989 and January 31, 1991, to timely challenge the denial of EPRI credits.