**Michael E. FITZMAURICE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. A. H–98–3095.**

United States District Court, S.D. Texas, Houston Division.

Oct. 29, 1999.

---

L Don Knight, Meyer Knight and Williams, Steve Martin Williard, Meyer Knight and Williams, Houston, TX, for Michael E Fitzmaurice, plaintiff.

Jon E Fisher, Dallas, TX, for United States of America, defendant.

1. The IRS imposed the penalty pursuant to 26 U.S.C. § 6672.

2. Fitzmaurice's letter seeking a refund was not received by the IRS until August 23, 1996.

## MEMORANDUM AND OPINION

ROSENTHAL, District Judge.

In this tax refund suit, the United States Internal Revenue Service ("IRS") has moved for summary judgment on the ground that plaintiff's failure to file his administrative refund claim within the statutory period deprives this court of jurisdiction. Plaintiff, Michael Fitzmaurice ("Fitzmaurice"), has responded, urging that there is a fact issue as to when he received notice of the assessment that the IRS used to collect the payment that Fitzmaurice sues to recover.

Based on a review of the pleadings, the motion and response, the parties' submissions, and the applicable law, this court GRANTS the IRS's motion for summary judgment. The reasons follow.

## I. Background

Fitzmaurice seeks a refund of $11,667.79 that the IRS transferred from his 1985 Form 1040 to satisfy a trust fund recovery penalty assessed against Fitzmaurice for the quarterly tax period ending December 31, 1983.[1] Both the IRS and Fitzmaurice attach copies of the IRS Form 4340 Certificate of Assessments and Payments. The Form 4340 shows the dates on which the IRS transferred the funds from Fitzmaurice's Form 1040 for tax year 1985 to satisfy the trust fund recovery penalty assessed for the period ending December 31, 1983. The Form 4340 shows that the IRS transferred $10,239.14 on November 2, 1989 and transferred $1,428.65 on October 19, 1992.

It is undisputed that Fitzmaurice did not file a tax refund claim for the $11,667.79 at issue until May 9, 1996, at the earliest.[2] A taxpayer is required to file a timely administrative claim for a refund before he may sue the government in court. Under 26

(Docket Entry No. 11, Ex. B). However, Fitzmaurice dated the letter May 9, 1996. (Docket Entry No. 9, p. 4). This court uses the earlier date in deciding this motion.

U.S.C. § 6511, Fitzmaurice was required to file his refund claim within two years of the dates of the transfers. The United States urges that, based on the undisputed facts, Fitzmaurice filed his refund claim too late, and that this court is therefore without subject matter jurisdiction due to the United States' sovereign immunity.

Fitzmaurice responds by pointing out that in a November 19, 1996 letter he received from the IRS, the writer stated that the IRS had sent a "60–day letter" to Fitzmaurice on January 30, 1991. The letter also stated that Fitzmaurice had two years from November 19, 1996 to file suit. Fitzmaurice argues that the November 19, 1996 letter creates a fact issue that precludes summary judgment. Fitzmaurice contends that the IRS letter shows that the notice of assessment for the penalty against the 1983 tax year did not issue until January 30, 1991. Fitzmaurice argues that the letter is evidence that either the IRS violated section 6673(b) by making the assessment in 1988 before it sent the required notice, or the IRS did not make or collect the assessment until after the dates shown on the Form 4340. On this basis, Fitzmaurice contends that there is a fact issue whether he timely filed his administrative refund claim.

## II. Analysis

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under FED. R. CIV. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Norman v. Apache Corp.,* 19 F.3d 1017, 1023 (5th Cir.1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *See id.* When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.,* 66 F.3d 89, 92 (5th Cir.1995). The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See Little,* 37 F.3d at 1075 (citing *Celotex,* 106 S.Ct. at 2553–54).

"[W]hen a district court denies a motion for summary judgment on the basis that there exist genuine issues of material fact, the district court is actually making two separate conclusions: 'First, the court has concluded that the issues of fact in question are genuine, i.e., the evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party. Second, the court has concluded that the issues of fact are material, i.e. resolution of the issues might affect the outcome of the suit under governing law.'" *Lemoine v. New Horizons Ranch and Center, Inc.,* 174 F.3d 629, 633 (5th Cir.1999) (quoting *Colston v. Barnhart,* 146 F.3d 282, 284 (5th Cir.1998), *cert. denied,* 525 U.S. 1054, 119 S.Ct. 618, 142 L.Ed.2d 557 (1998)). "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little,* 37 F.3d at 1075 (quoting *Celotex,* 106 S.Ct. at 2552).

The United States argues that principles of sovereign immunity leave this court without subject matter jurisdiction over this suit. "It is axiomatic that the United States may not be sued without its

consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). A waiver of sovereign immunity cannot be implied; it must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In addition, the government can attach conditions to its consent to be sued. *United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The United States has consented to be sued for a refund by a taxpayer, but has attached conditions to that consent. For example, the taxpayer must file an administrative claim with the IRS before suing the government for the refund in court. *See* 26 U.S.C. § 7422. "Indeed, the party must not only file an administrative claim but must also file it within the appropriate time period prescribed in 26 U.S.C. § 6511(a)." *Kuznitsky v. United States,* 17 F.3d 1029, 1031 (7th Cir.1994). "[A] taxpayer seeking a refund under [section] 6672 must file an administrative claim within two years from the time the tax is paid in order to satisfy the requirement of [section] 6511(a)." *Id.,* 17 F.3d at 1031. Under 26 U.S.C. § 7422(d), "the credit of an overpayment of any tax in satisfaction of any tax liability is treated, for the purposes of any refund suit, as a payment in respect of that liability." *Smith v. United States,* 921 F.2d 136, 139 (8th Cir.1990). The critical question is whether Fitzmaurice filed an administrative claim with the IRS within two years from the dates the IRS credited portions of his 1985 Form 1040 overpayment to satisfy the section 6672 penalty assessed for the payroll period ending December 31, 1983. If so, Fitzmaurice has complied with the conditions of the United States' consent to suit, and this court has subject matter jurisdiction. If not, this court is without jurisdiction in light of the United States' sovereign immunity.

With its motion for summary judgment, the United States submitted a Certificate

of Payments and Assessments, or Form 4340, for the tax period ending December 31, 1983. (Docket Entry No. 9, Ex. 1). A Form 4340 is presumptive, but not conclusive, proof of the facts it contains. *See, e.g., Taylor v. IRS,* 69 F.3d 411, 419 (10th Cir.1995) (holding that information about a tax assessment on a Form 4340 is presumptive proof of the facts shown); *Jones v. United States,* 60 F.3d 584, 590 (9th Cir.1995) (holding that Form 4340 "can constitute proof of the fact that [ ] assessments were actually made"); *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir.1992) (holding that a Form 4340 is presumptive proof that notice was given on the dates shown); *In re Boch,* 154 B.R. 647, 651–52 (Bankr.M.D.Pa.1993) (holding that an indication on a Form 4340 that an assessment was made on a given date is sufficient evidence that the assessment was made on that date); *cf. Stallard v. United States,* 12 F.3d 489, 493 (5th Cir.1994) (holding that a Form 4340 is presumptive proof of a valid assessment); *United States v. McCallum,* 970 F.2d 66, 71 (5th Cir.1992) (same).

The Form 4340 shows that the government assessed a section 6672 penalty of $ 10, 239.14 against Fitzmaurice for the period ending December 31, 1983 on December 26, 1988. (Docket Entry No. 9, Ex. 1). The Form 4340 shows that the IRS issued the first notice of assessment for that penalty on the same date. (*Id.*). On November 2, 1989, the IRS credited $ 10,239.14 from Fitzmaurice's 1985 income tax overpayment to satisfy the penalty principal. (*Id.*). On October 19, 1992, the IRS assessed an additional $ 1,428.65 in interest and credited that amount from Fitzmaurice's 1985 Form 1040 overpayment. (*Id.*).

The Form 4340 shows that credits were made to satisfy the penalty on November 2, 1989 and October 19, 1992. Fitzmaurice filed his administrative claim with the IRS for a refund on May 9, 1996, more than two years after the credit dates shown in the Form 4340. Fitzmaurice can survive

summary judgment only by creating a fact issue about the credit dates.

Fitzmaurice submitted a copy of the transcript of account for the tax period ending December 1983. (Docket Entry No. 11, Ex. C). The transcript of account is consistent with the information shown in the Form 4340. The transcript shows that the IRS assessed the section 6672 penalty in the amount of $10,239.14 on December 26, 1988; applied credit from the 1985 Form 1040 in the amount of $10,239.14 on November 2, 1989; assessed $1,428.65 in interest on October 19, 1992; and applied credit in the amount of $1,428.65 on October 19, 1992. (*Id.*). The transcript also shows that the IRS imposed a lien on December 7, 1989 and released it on October 16, 1992. (*Id.*).

To controvert the dates shown in the Form 4340, Fitzmaurice relies on the November 19, 1996 letter from the IRS notifying Fitzmaurice of the denial of his administrative refund claim. (Docket Entry No. 11, Ex. B). In that letter, the agent states that the IRS denied his claim because he failed to respond to a 60–day letter, or Letter 1153, mailed on or about January 30, 1991 to notify him of the section 6672 penalty assessment. (*Id.*). Section 6672(b) requires that notice be mailed to the taxpayer at least 60 days before the trust refund recovery penalty is imposed. Fitzmaurice argues that the November 1996 letter creates a fact issue about the dates that the IRS applied credits from his 1985 Form 1040 overpayment to satisfy the section 6722 penalties he owed for the tax period ending December 31, 1983. If the assessment and credit dates shown in the Form 4340 are correct, Fitzmaurice argues, the November 1996 letter is evidence that the IRS illegally imposed the section 6672 penalty before sending notice to Fitzmaurice. If the IRS, as required, mailed the 60–day notice letter before imposing the penalty, he argues, the dates shown in the Form 4340 cannot be correct. On this basis, Fitzmaurice argues that there is a fact issue about the dates of the assessments and credits and hence about whether he filed his administrative claim before the two-year period expired.

The November 19, 1996 letter does create a fact issue about the date that notice of the penalty was mailed to Fitzmaurice. However, the letter does not create a fact issue about either the dates the penalties were assessed or the dates the IRS applied the credits from Fitzmaurice 1985 Form 1040 overpayment to satisfy the penalties. The letter does not refer to the dates of assessment and credit.

Because there is a fact issue whether the IRS mailed notice to Fitzmaurice before imposing the penalty, there is a fact issue material to determining whether the IRS imposed the penalty in the manner prescribed by section 6672. However, that question goes to the merits of the instant suit. It is irrelevant to the jurisdictional determination whether Fitzmaurice timely filed his administrative refund claim.

■ The limitations period for filing an administrative refund claim as to a section 6672 penalty runs from the date the penalty is paid. *See Smith*, 921 F.2d at 139; *cf. also Qureshi v. U.S. I.R.S.*, 75 F.3d 494 (1996) (holding that the section 6511 limitations period ran from the date of payment, not from the date the taxpayer receives notice that his tax delinquency has been satisfied). The record reveals no disputed fact issue about the dates the IRS credited amounts from Fitzmaurice's 1985 Form 1040 overpayment to satisfy the section 6672 penalty imposed for the tax period ending December 31, 1983. The IRS Form 4340 is uncontroverted on this point. The credits were made on November 2, 1989 and October 19, 1992. Fitzmaurice's May 9, 1996 administrative filing was untimely. Fitzmaurice did not comply with the terms of the United States' conditional consent to suit. Accordingly, this court is without subject matter jurisdiction due to the United States' sovereign immunity.

■ The taxpayer bears the burden to prove that he timely filed an administra-

tive refund claim before bringing suit. *United States v. Rochelle,* 363 F.2d 225, 231 n. 11 (5th Cir.1966); *Rains v. I.R.S.,* 1982 WL 1700 at * 1 (W.D.Tex.1982). Even if the November 19, 1996 letter were sufficient to controvert the credit dates shown in the IRS Form 4340, Fitzmaurice could not survive summary judgment on the current record. Fitzmaurice has presented no summary judgment evidence that the relevant credits were actually made within two years of his May 9, 1996 administrative filing.[3] "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Accordingly, the United States "is 'entitled to judgment as a matter of law' because [Fitzmaurice] has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof at trial." *Id.*

### III. Conclusion

This court concludes that Fitzmaurice has not created a fact issue that overcomes the presumption of validity afforded to the IRS's evidence. This court GRANTS the IRS's motion for summary judgment, and, by separate order, enters final judgment dismissing this case.

---

3. Fitzmaurice attaches two letters that he claims provide such evidence. (Docket Entry No. 11, Exs. D and E). Exhibit D is an April 22, 1996 letter sent by the IRS. The letter contains no specific reference to the tax period ending December 31, 1983, much less any reference to the dates the IRS credited amounts from Fitzmaurice's 1985 tax overpayment to satisfy the section 6672 penalty imposed for that tax period. Exhibit E is a March 28, 1996 letter from the IRS. The letter does refer to the trust fund recovery penalty imposed for the tax period ending December 31, 1983, but merely states: "Our records show that [the] civil penalty assessment[ ][is] paid in full and reflect[s] a zero balance." Neither letter provides any evidence that the credits were applied to satisfy the penalty for the tax period ending December 31, 1983 within two years of Fitzmaurice's May 1996 administrative filing.