Rose BECKER, Temporary Receiver of the Speedwell Services for Children, Inc., Plaintiff,

v.

Abraham BEAME, as Mayor of the City of New York, Harrison Goldin, as Comptroller of the City of New York, Aaron Klitnick, as Division Chief, Bureau of Audit Charitable Institutions, Office of the Controller, J. Henry Smith, Administrator of the New York City Human Resources Administration, and as Commissioner of the New York City Department of Social Services, Carol J. Parry, as Assistant Administrator of Social Services for Children and the City of New York, Defendants.

No. 77 Civ. 4922.

United States District Court,
S. D. New York.

July 28, 1978.

Decided July 31, 1978.

Bleakley, Platt, Schmidt & Fritz, New York City, for plaintiff by Thomas B. Gilchrist, Jr., Alan M. Epstein, Donald P. Kelley, New York City, of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants by Theodore Gilbert, New York City, of counsel.

### OPINION

SWEET, District Judge.

Defendants' motion to dismiss plaintiff's complaint in this action presents a close and novel question of this court's subject matter jurisdiction under 28 U.S.C. § 1331.[1]

---

1. 28 U.S.C. § 1331(a) provides:

The district courts shall have original jurisdiction of all civil actions wherein the matter

Plaintiff Rose Becker is the Temporary Receiver of the Speedwell Services for Children, Inc. ("Speedwell"), a not-for-profit New York corporation. Pursuant to annual contracts within the Department of Social Services of the Human Resources Division of the City of New York (the "Department"), Speedwell agreed to provide certain child welfare services to children and their families eligible to receive benefits under Title IV, Part A of the Social Security Act, 42 U.S.C. § 601 et seq. In return for these services, Speedwell was to be paid monthly on the basis of the number of children in the care of Speedwell and the specific type of care provided.

In the latter part of 1975, the defendants, elected and appointed officials of New York City responsible for providing services for all New York City children in need of care, began withholding portions of monthly payments to Speedwell, culminating in the total withholding of the August, 1976 payment. Although Speedwell (and after her appointment, plaintiff) protested such withholdings, no further payments were made. Despite the withholding of these payments, Speedwell continued providing child care services until it was forced to cease performing these services only when it could no longer meet day-to-day operating expenses. Speedwell is now in liquidation pending dissolution having ceased operating as an authorized agency on August 31, 1976.

Plaintiff contends the withholding of payments by defendants damaged Speedwell in the amount of $272,000. Asserting

such withholding of payments was in violation of 42 U.S.C. § 602, plaintiff contends this court has jurisdiction of this matter because it "arises under" the laws and statutes of the United States and therefore falls within the jurisdictional grant of 28 U.S.C. § 1331.[2] Defendants contend no facts have been alleged supporting any statutory violation and thus have moved the court to dismiss for lack of federal question jurisdiction.

It has been recognized both by courts and commentators that the "most difficult single problem in determining whether federal question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law [footnote omitted]." 13 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3562, p. 397 (1975). While the question may be difficult, at least the parameters of the analysis which this court must consider have been set forth by Mr. Justice Cardozo in *Gully v. First National Bank,* 299 U.S. 109, 118, 57 S.Ct. 96, 100, 81 L.Ed. 70 (1936):

> If we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provisions of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those

in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States, except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

Although defendants have styled their motion as a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., the court, pursuant to Rule 12(h)(3), Fed.R.Civ.P., will consider the motion to be one for dismissal based upon the court's lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P. *See* 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1367, p. 688 (1969). Accordingly,

the allegations of the complaint will be construed broadly and liberally in favor of the plaintiff. Wright & Miller, *supra,* § 1350, p. 551.

2. In Count II of her complaint, plaintiff asserts "defendants have breached the contracts entered into with Speedwell by the withholding of payments due to it . . . ." In two additional counts, plaintiff asserts defendants have violated New York law and have committed a fraud on Speedwell's creditors by withholding the funds from Speedwell. Although not stated in her complaint plaintiff apparently asserts this court has jurisdiction over these three additional counts by reason of the principles of pendent jurisdiction.

that are merely possible. We shall be lost in a maze if we put that compass by.

Both plaintiff and defendants place great reliance upon the now-famous test for determining whether a complaint presents a federal question set forth in *McFaddin Express, Inc. v. Adley Corporation,* 346 F.2d 424, 426 (2d Cir. 1965), *cert. denied,* 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966), where the court held that the existence of federal question jurisdiction depended upon:

> whether the complaint is for a remedy expressly granted by an act of Congress or otherwise "inferred" from federal law, or whether a properly pleaded "state-created" claim itself presents a "pivotal question of federal law," for example because an act of Congress must be construed or "'federal common law' govern[s] some disputed aspect" of the claim.

Section 602 of Title 42, United States Code—the federal statute upon which plaintiff rests her assertion of federal question jurisdiction—is part of a comprehensive legislative scheme under the Social Security Act enacted by Congress to enable "each State to furnish financial assistance and rehabilitation and other services . . . to needy dependent children and the parents with whom they are living to help maintain and strengthen family life . . ." 42 U.S.C. § 601. *See Shea v. Vialpando,* 416 U.S. 251, 253, 94 S.Ct. 1746, 40 L.Ed.2d 120 (1974). Under Section 602(a), numerous criteria must be met by a State plan for aid and services to needy families with children. Any State plan which meets the criteria of Section 602(a) is to be approved by the Secretary of the Department of Health, Education and Welfare (Section 602(b)) and any plan so approved is eligible to receive Congressional appropriations to be used in implementing the plan (Section 601).

In order to carry out the criteria in Section 602(a), a State is allowed to purchase services under programs providing aid to dependent children through agreements with public and not-for-profit corporations. 45 C.F.R. § 228.70 (1976). Upon this authorization, defendants, through the Department, contracted with Speedwell to provide services for families and children eligible to be benefitted under Section 601. This action by plaintiff was instigated by the failure of defendants to pay Speedwell the monies due under this contract.

Applying the concepts of *McFaddin, supra,* the court concludes that no federal question jurisdiction is present in this case. First, no express remedy for the allegations presented in plaintiff's complaint has been provided by Congress under the Social Security Act. Second, there is no basis to infer the requested remedy from the federal law. In *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Court inferred a federal question jurisdictional basis for a claim which alleged damages as a result of violations by governmental authorities of constitutional rights arising under the Fourth and Fifth Amendments. However, the Court rested its ruling upon the necessary construction of federal law: "[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the District Court has jurisdiction." 327 U.S. at 685, 66 S.Ct. at 777. Here, plaintiff's entire cause of action may be heard and disposed of with but scant reference to the Social Security Act. Accordingly, no inference of a federal question jurisdiction should be made.[3]

---

**3.** Plaintiff's reliance upon *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen,* 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187 (1944) for the proposition that a federal cause of action may be inferred from Section 602 of the Social Security Act is misplaced. In *Tunstall,* the court inferred from the Railway Labor Act federal question jurisdiction to hear an action against a labor union by a black employee who contended a labor contract negotiated by the union discriminated against black members of the union. Finding the plaintiff's cause of action to be based upon a right "implied from the statute and the policy which it has adopted," the court noted "It is the federal statute which condemns as unlawful the Brotherhood's conduct." 323 U.S. at 213, 65 S.Ct. at 237. Plaintiff can point to no aspect of the Social Security

■ Moreover, although plaintiff's complaint mentions a federal statute, reference to a federal statute in the complaint is not sufficient to invoke this court's federal question jurisdiction; the claim must present an issue requiring construction of an Act of Congress, or the distinctive policy of an Act of Congress must require that federal principles control disposition of the claim. *Ivy Broadcasting Co., Inc. v. American Telephone & Telegraph Co.*, 391 F.2d 486, 493 (2d Cir. 1968). *Accord, Prescription Plan Service Corporation v. Franco*, 552 F.2d 493, 495 (2d Cir. 1977). To be within this court's federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, *and an essential one,* of the plaintiff's cause of action." *Gully, supra,* 299 U.S. at 112, 57 S.Ct. at 97 (emphasis added).

■ Third, plaintiff's complaint presents a simple "state-created" claim for breach of contract which fails to present a pivotal question of federal law. Plaintiff alleges that services for which defendants contracted were not paid for, and thus asserts an action for that breach. Although federal law may have engendered the need for such a contract with Speedwell, that relationship alone with federal law in the view of this court fails to generate federal question jurisdiction. As stated by the court in *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974): "[T]he fact that a contract is subject to federal regulation does not, in itself, demonstrate that Congress meant that all aspects of its performance or nonperformance are to be governed by federal law rather than by state law applicable to similar contracts in businesses not under federal regulation." *See also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 129, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974) (the fact that the sale price of helium gas was regulated by federal law was not sufficient to confer federal jurisdiction upon a suit for the reasonable value of the helium which was seen by the Court as "an action in

*quantum meruit,* whose source is state law and not federal law").

Finally, no question of "federal common law" has been presented by plaintiff in this case. The instances where federal common law has been created have been "few and restricted." *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). There is no Act of Congress to be construed in this action nor any Congressional policy which should control the disposition of plaintiff's claim. In such circumstances, the court will not create federal common law to breathe jurisdictional life into plaintiff's claim. *Prescription Plan Service Corp. v. Franco, supra,* 552 F.2d at 495.

Accordingly, defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is granted.

SO ORDERED.

Act or Section 602 thereunder which similarly "condemns as unlawful" the failure of the defendants to make payments under the contract with Speedwell.