**Michael C. WEIGAND and Lois M. Weigand, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–1224.

United States Court of Appeals, Tenth Circuit.

May 1, 1985.

---

Timothy P. O'Sullivan of Regan & McGannon, Wichita, Kansas, for plaintiffs-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook and Elaine F. Ferris, Tax Div., Dept. of Justice, Washington, D.C., and Benjamin L. Burgess, U.S. Atty., D. Kansas, for defendant-appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.

The plaintiff taxpayers instituted this suit for a refund of income taxes that they claimed were overpaid for the tax year 1975. On April 15, 1976, the taxpayers submitted a Form 4868 (Application for Automatic Extension of Time to File), which granted them an automatic two-month extension of time in which to file their joint federal income tax return for the year 1975. As required by the regulations, the taxpayers submitted with this form an estimated tax payment of $25,000. On July 6, 1977, the taxpayers filed an unsigned Form 1040 claiming that their tax liability for the year 1975 was only $2,486.86. The unsigned form was returned by the Internal Revenue Service on July 15, 1977, along with a request for further information. The taxpayers' signed Form 1040 for the year 1975 was not filed until August 10, 1980. Also on that date the taxpayers filed their 1977 tax return, claiming a $22,513.14 credit with respect to their 1975 tax year. On September 19, 1980, the Internal Revenue Service demanded payment of the $22,-513.14 tax for the year 1977 plus interest and penalties, refusing to recognize the credit from the year 1975. On December 21, 1980, the taxpayers filed a claim for refund of the $22,513.14, which was ultimately denied by the Commissioner of Internal Revenue. Thereafter the taxpayers commenced this suit for refund in the district court. The government filed a motion to dismiss for failure to state a claim upon which relief could be granted, and the district court granted the government's motion.

■ We find that the district court properly dismissed this case in reliance upon *United States v. Miller,* 315 F.2d 354 (10th Cir.1963). The taxpayers tried to distinguish *Miller* by pointing out that it was decided under the predecessor to the present Internal Revenue Code. However, the operative language in the code as it existed at the time *Miller* was decided is virtually identical to the code language that now exists. Thus we hold that *Miller* still controls.

■ Even in the absence of the *Miller* decision, the clear language of the statute requires that the plaintiff's case be dismissed. Section 6511(b)(2)(A) of the Internal Revenue Code of 1954 bars the recovery of income taxes paid more than three years prior to the filing of a claim for refund, with an additional allowance of time for any extensions that have been granted for filing the return for the year in question. The taxpayers in this case were granted a two-month extension to file their return. Therefore, the statute of limitations would have run on the taxpayers' claim for a refund with respect to any taxes paid prior to three years and two months before the filing of their claim for refund. At the earliest, the taxpayers' claim for refund was filed on August 10,

1980 when the taxpayers filed their signed 1975 return requesting that the credit from that year be applied to their 1977 income tax liability. A claim for refund with respect to any tax paid before June 10, 1977 would therefore be barred by the three-year two-month statute of limitations.

As was pointed out, the taxpayers' estimated income tax was actually paid on April 15, 1976. In addition, by virtue of 26 U.S.C. § 6513(b)(2), "[a]ny amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)." Thus both the actual date of payment and the statutorily deemed date of payment put the taxpayers' claimed overpayment outside the statute of limitations.

The taxpayers seek to avoid the application of section 6513, however, by claiming that their April 15, 1976 payment was not a payment but a deposit citing *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1944). We rejected that claim on virtually identical facts in *Miller* and see no reason to accept it now. *Miller*, 315 F.2d at 358. While the estimated taxes paid in *Miller* were paid during the tax year under a different provision of the tax code than that pursuant to which these taxpayers made their estimated tax payment, we find that section 6513 applies to any estimated tax payment. Therefore, the taxpayers' payment was made on April 15, 1976, and the claim filed in the fall of 1980 was beyond the statute of limitations. The decision of the district court is affirmed.