**Bob W. HERREN**

v.

**UNITED STATES of America.**

No. 85–3632.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Oct. 27, 1987.

J. Ransdell Keene, Shreveport, La., for plaintiff.

Joseph S. Cage Jr., U.S. Atty., Dept. of Justice, Shreveport, La., William D.M. Holmes, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM RULING

STAGG, Chief Judge.

Plaintiff has filed an action seeking recovery of federal income tax for 1976 and 1977 that was paid on May 1, 1984. Jurisdiction is alleged under 26 U.S.C. § 7422 and 28 U.S.C. § 1346. Plaintiff's right to the refund is predicated upon 26 U.S.C. § 1341. Presently before the court is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b). For reasons stated more fully hereinafter, the court holds that plaintiff's action is barred by the statute of limitations contained in 26 U.S.C. § 6511(b)(2)(A).

ANALYSIS OF LAW AND FACTS

Plaintiff's tax returns for 1976 and 1977 were filed on November 1, 1983. The

government does not dispute the timeliness of filing these returns. Plaintiff states that the delay was due to an ongoing investigation by the Internal Revenue Service with regard to plaintiff's tax liability for 1974 and 1975.

Mr. Herren's tax liability for 1974 and 1975 was resolved by a decision of the United States Tax Court entered pursuant to an agreement on April 4, 1983. As a result of this decision, the IRS collected $388,543.47 from the private sale of real property owned by plaintiff. It is from these proceeds that plaintiff's tax liability for 1974 and 1975 was extinguished on May 1, 1984. It is also from these proceeds that plaintiff now asserts a right under 26 U.S.C. § 1341 for a refund totaling $180,414 for the calendar tax years 1976 and 1977.

The parties agree that plaintiff's claim for refund on November 1, 1983 was timely since it was "filed by the taxpayer within three years from the time the return was filed." 26 U.S.C. § 6511(a). Yet, a second period of limitation is imposed by § 6511(b)(2)(A) which provides:

> If the claim was filed by the taxpayer during the three-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return.

According to plaintiff, the claim for refund was not filed until May 28, 1985. Since the sums from which plaintiff now seeks a refund were not paid until May 1, 1984, plaintiff argues that the action is timely. Plaintiff's argument is flawed because of his reliance for recovery under § 1341(b)(1) which provides:

> If the decrease in tax ascertained under subsection (a)(5)(B) [under which a taxpayer may claim either a deduction or a credit equal to the tax overpaid in the year a taxpayer received funds to which he asserted a claim of right but was later forced to repay] exceeds the tax imposed by this chapter for the taxable year (computed without the deduction) such excess shall be considered to be a payment of tax *on the last day prescribed by law for the payment of tax for the taxable year, and shall be refunded or credited in the same manner as if it were an overpayment for such taxable year.* (Emphasis added.)

Thus, upon application of § 1341(b)(1), the amount which plaintiff actually paid on May 1, 1984 from which he now seeks a refund for 1976 and 1977 are considered to be taxes paid on April 15, 1977 and April 15, 1978, respectively, as these are the last days "prescribed by law for the payment of tax for the taxable year." *See,* § 1341(b)(1), *supra.* Accordingly, plaintiff's action for recovery of these sums is barred by § 6511(b)(2)(A), *supra,* since the tax was not paid within the period immediately preceding the filing of plaintiff's claim, which occurred at the earliest on November 1, 1983.

A judgment consistent with the terms of this memorandum ruling shall issue herewith.

### JUDGMENT

For the reasons assigned in the foregoing memorandum ruling,

IT IS ORDERED, ADJUDGED AND DECREED that the government's motion to dismiss is GRANTED as plaintiff's action is barred by the applicable statute of limitations.