## SUGRO, INC., Plaintiff,

v.

## UNITED STATES of America, Defendant.

No. 94–C–438.

United States District Court,
D. Colorado.

July 7, 1994.

John Cogswell, Denver, CO, for plaintiff.

Joel Roessner, Trial Atty., Tax Div., William Pharo, Asst. U.S. Atty., Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Sugro, Inc. commenced this action against the United States seeking a refund for the overpayment of backup withholding taxes. Defendant has filed a motion for judgment on the pleadings and to dismiss the complaint pursuant to Fed.R.Civ.P. 12(c). Sugro has filed a response opposing the motion, as well as a motion for partial summary judgment. Defendant has responded to Sugro's motion for partial summary judgment and has filed a reply to Sugro's response.

The issues have been fully briefed and oral argument would not materially facilitate the decision process. Jurisdiction is asserted under 28 U.S.C. §§ 1340 and 1346(a)(1).

## I. *FACTUAL BACKGROUND.*

In 1987, Sugro, as agent for various state sugar beet grower associations, was entrusted with distribution of settlement proceeds from two different class action cases. Before distributing the funds, Sugro was required by the Internal Revenue Service (IRS) to obtain Form W-9 from each of the beet growers, or to withhold twenty percent of the proceeds otherwise distributable. On March 9, 1987 and April 15, 1987, Sugro sent IRS Forms 4804 and 1096 (Information Returns) to the IRS for filing, along with magnetic media reporting packages and checks in the amount of $126,801.87 and $16,582.35. The IRS rejected the plaintiff's magnetic media reporting packages numerous times for various reasons, until they were finally accepted for filing on December 28, 1988.

Some of the class members for whom a twenty percent withholding had been made never cashed their distribution checks. Those checks eventually were voided by the court, and Sugro was authorized to file a claim with the IRS for tax refunds for excess withholding taxes any time after July 18 and August 23, 1989. On May 13, 1991, Sugro filed a "Claim for Refund and Request for Abatement" with the IRS. On February 25, 1992, the IRS disallowed the claim for refund because the statute of limitations for a refund had expired.

## II. *ANALYSIS.*

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528 (10th Cir.1992). In considering a Rule 12(b)(6) motion, the complaint must be construed liberally, *Shoultz v. Monfort of Colo., Inc.,* 754 F.2d 318 (10th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986), and its factual allegations are assumed to be true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Defendant argues that Sugro's administrative claim for refund was not timely filed and therefore this court lacks jurisdiction over Sugro's civil suit for refund.[1] Sugro responds that it filed its administrative claim within all applicable time limitations. Sugro additionally has moved for partial summary judgment that it timely filed its administrative claim for refund.

Section 6511(b)(2)(A), 26 U.S.C., bars recovery of taxes paid more than three years prior to the date the administrative claim for refund is filed. *See Weigand v. United States,* 760 F.2d 1072, 1073 (10th Cir.1985). Defendant argues that more than three years had passed between the time when the tax was paid and the time that Sugro filed its

---

1. Section 7422(a), 26 U.S.C., provides that a suit for an internal revenue tax refund cannot be maintained until a claim for refund has been filed with the Secretary "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

administrative claim on May 13, 1991. Sugro disagrees.

The parties agree that the amounts in issue were submitted to the IRS on March 9 and April 15, 1987, respectively. Defendant argues that these amounts were deemed paid for purposes of § 6511(b)(2)(A) on April 15, 1988 pursuant to 26 U.S.C. § 6513(c). That section provides, in pertinent part,

> "If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year."

Sugro contends that the money retained the character of a deposit and the tax was not "paid" until the return was filed on December 28, 1988, because Sugro did not have an existing tax liability until that time.

In *Rosenman v. United States*, the United States Supreme Court held that monies held by the federal government were not deemed "paid" until the tax commissioner assessed a deficiency and appropriated the funds held in a suspense account to satisfy the deficiency. 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945). Before that time the monies were "deposits" because no tax liability had accrued. *Id.* at 662, 65 S.Ct. at 538. The Tenth Circuit has held, however, that estimated tax payments, required by the tax code, are deemed paid despite the fact that actual tax liability is not determined until later after a tax return is filed. *Weigand,* 760 F.2d at 1074; *United States v. Miller,* 315 F.2d 354 (10th Cir.1963). Thus, under *Rosenman* and *Weigand,* the determinative factor is whether the payment tendered to the IRS is required by the code, or is voluntarily submitted.

The tax withholdings from distributions to the beet growers were required by 26 U.S.C. § 3406. Those distributions occurred in February 1987, and under § 3406 the tax liability accrued at that time, notwithstanding the fact that the precise amount of the liability could not be determined until the tax returns were accepted for filing in December 1988. I find and conclude that the payments submitted to the IRS on March 9 and April 15, 1987 were analogous to the estimated tax payments in *Weigand* and *Miller.* Accordingly, they are subject to § 6513 and the taxes were deemed paid on April 15, 1988. *See Weigand,* 760 F.2d at 1074.

Because Sugro's administrative claim for refund was barred by the limitations period established in § 6511(b)(2)(A), the requirements of § 7422(a) have not been met, and therefore this court lacks jurisdiction over Sugro's claim. § 7422(a); *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 1365, 108 L.Ed.2d 548 (1990).

Accordingly IT IS ORDERED that the plaintiff's complaint is dismissed for lack of subject matter jurisdiction.