**Larry M. WEISMAN, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 89 Civ. 3553 (MJL).**

United States District Court, S.D. New York.

June 17, 1997.

**186**

Mary Jo White, U.S. Attorney for the Southern District of New York, New York City by Martin J. Siegel, Asst. U.S. Attorney, for Government.

Larry M. Weisman, New York City, pro se.

1. Although Plaintiff sued the IRS, the United States is the proper defendant in this action. *See* 26 U.S.C. § 7422(f) ("A suit or proceeding [for recovery of any internal revenue tax] may be maintained only against the United States[.]"). When a party is incorrectly named as a defendant in a suit against the government, 26 U.S.C. § 7422(f)(2) sanctions amending the pleadings to substitute the United States as the proper party. 26 U.S.C. § 7422(f)(2). Accordingly, the complaint is deemed amended so as to reflect the

## OPINION AND ORDER

LOWE, District Judge.

Plaintiff Larry M. Weisman ("Plaintiff"), proceeding pro se, commenced this tax refund action against the Internal Revenue Service ("IRS").[1] Currently before the Court is the motion of the United States ("Government"), pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), to dismiss the action for lack of subject matter jurisdiction. No opposition papers were submitted.[2] For the reasons stated below, the Government's motion is granted.

## BACKGROUND

This action arises from Plaintiff's claim for a refund of taxes withheld from his income in 1983. In his complaint, Plaintiff alleges that "[o]n April 15, 1987, [he] filed [his] 1983 income tax return," which reported an overpayment of withholding taxes by $4,836.59. Compl. at 1. Sometime after May 19, 1987, the IRS denied Plaintiff's refund claim because: (1) Plaintiff is deemed to have paid his 1983 withholding taxes on April 15, 1984, and (2) the IRS "received [Plaintiff's] income tax return on April 20, 1987" and, therefore, could not refund "tax paid more than three years before the filing of the claim." *Id.* On May 19, 1989, Plaintiff commenced this tax refund action.

## DISCUSSION

### I. *Legal Standard*

#### A. *Motion to Dismiss*

Litigants may move to dismiss for lack of subject matter jurisdiction at any time during the course of an action. Fed.R.Civ.P. 12(h)(3); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 588 F.2d 24, 27 (2d Cir.1978). A Rule 12(c) motion for judgment

United States as the defendant in this action. *See, e.g., Tanzola v. Internal Revenue Service,* No. 95 Civ. 4408, 1996 WL 422121, at *1 n. 1 (E.D.N.Y. June 21, 1996); *Estate of Cowan v. Department of the Treasury,* No. 80 Civ. 3880, 1981 WL 1797, at *1 (S.D.N.Y. May 21, 1981).

2. Although the Court granted Plaintiff, a *pro se* litigant, additional time to submit opposition papers, Plaintiff did not file such papers.

on the pleadings based upon a lack of subject matter jurisdiction is "treated as a [Federal Rule of Civil Procedure] 12(b)(1) motion to dismiss the complaint." *Young v. Bank of Boston Connecticut*, No. 93 Civ. 1642, 1996 WL 756504, at *2 (D.Conn. June 18, 1996) (citation omitted); *see also Becker v. Beame*, 454 F.Supp. 867, 867 n. 1 (S.D.N.Y.1978); Charles A. Wright and Arthur R. Miller, 5A *Federal Practice and Procedure* § 1367 (1990).

In considering a Rule 12(b)(1) motion, courts may rely upon affidavits and other "evidence outside the pleadings" to resolve jurisdictional disputes. *Antares Aircraft, L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Moschetto v. United States*, 961 F.Supp. 92, 93–94 (S.D.N.Y.1997). The party bringing the action bears the burden of establishing the existence of federal court jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942).[3]

## II. *Government's Motion to Dismiss*

The Government maintains that Plaintiff's claim is barred by the statutory limits on tax refund actions. The limitations "upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). The absence of consent is a "jurisdictional limitation on suits against the United States." *See, e.g., United States v. Forma*, 42 F.3d 759, 763 (2d Cir.1994).

Section 1346(a)(1) of Title 28 of the United States Code empowers the court to hear actions for recovery of taxes "alleged to have been erroneously or illegally assessed or collected[.]" 28 U.S.C. § 1346(a)(1). This grant of consent to tax refund suits, however, is not plenary. This provision "must be read

in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601, 110 S.Ct. 1361, 1364, 108 L.Ed.2d 548 (1990). One such provision, 26 U.S.C. § 7422(a), prevents a taxpayer alleging overpayment of taxes from bringing a lawsuit "until a claim for refund or credit has been duly filed with the Secretary [of the IRS], according to the provisions of law in that regard and the regulations of the Secretary established in pursuance thereof." *See Magnone v. United States*, 902 F.2d 192, 193 (2d Cir.1990) ("a taxpayer must bring the claim for refund to the IRS as a prerequisite to jurisdiction"). The taxpayer bears the burden of showing that the refund claim was timely filed. *Lefrak v. United States*, No. 94 Civ. 7668, 1996 WL 420308, at *2 (S.D.N.Y. July 26, 1996).

■ Section 6511 of the Internal Revenue Code establishes two jurisdictional requirements for the timely filing of refund claims in tax refund suits. *See Commissioner of Internal Revenue v. Lundy*, 516 U.S. 235, ——–——, 116 S.Ct. 647, 650–51, 133 L.Ed.2d 611 (1996) (deeming Sections 6511(a) and 6511(b)(2)(A) jurisdictional prerequisites to tax refund suits in federal district court). First, a refund claim must be filed within three years of the date the tax return is filed. 26 U.S.C. § 6511(a); *see Dalm*, 494 U.S. at 602, 110 S.Ct. at 1365. Second, a refund claim is improper if the tax was paid more than three years before the claim was filed. 26 U.S.C. § 6511(b)(2)(A); *see also Zeier v. United States Internal Revenue Serv.*, 80 F.3d 1360, 1364 (9th Cir.1996) ("Following the Supreme Court in *Lundy*, we hold that § 6511(b)(2)(A) is jurisdictional."); *Porter v. United States*, 919 F.Supp. 927, 932 (E.D.Va. 1996) (holding that *Lundy* made clear that Section 6511(b)(2)(A) establishes jurisdictional requirement for refund claims in district courts).[4] "The effect of Section 6511(b)(2)(A)

---

**3.** By order dated June 4, 1997, the Court warned Plaintiff that it would consider the instant motion under Rule 12(b)(1) and, therefore, would consider "evidence outside the pleadings" in resolving the jurisdictional dispute. *See* 6/4/97 Order at 1. Accordingly, the Court extended the deadline for Plaintiff's submission of opposition papers with instructions to offer proof of the date of

filing of the 1983 tax refund claim. *Id.* Plaintiff, however, never submitted such proof or otherwise responded to the Government's motion.

**4.** Prior to *Lundy*, the overwhelming majority of cases held that Section 6511(b)(2)(A) constituted a jurisdictional requirement in tax refund cases. *See Oropallo v. United States*, 994 F.2d 25, 27–28

is to bar what would otherwise be a valid claim for funds under Section 6511(a)." *Gallo v. United States*, No. 93 Civ. 7572, 1994 WL 557072, at *2 (S.D.N.Y. Oct.11, 1994).

■ Plaintiff here satisfies the first limitation because he filed his 1983 return and refund claim together. With regard to the second limitation, Plaintiff is deemed to have paid the 1983 tax, through withholding, on April 15, 1984. *See* 26 U.S.C. § 6513(b)(1) ("Any tax actually deducted and withheld ... shall ... be deemed to have been paid by him" on April 15 of the year "following the close of his taxable year"). Plaintiff, therefore, must have filed the 1983 tax refund claim no later than April 15, 1987 (*i.e.*, within three years after April 15, 1984) to satisfy the requirement of Section 6511(b)(2)(A).

■ The determination of the date of filing a refund claim with the IRS is governed by 26 U.S.C. § 7502 ("Section 7502").[5] Under that section, proof of timely filing consists of either: (1) a postmarked envelope, or (2) the postmarked registered or certified mailing receipt. 26 U.S.C. § 7502; 26 C.F.R. § 301.7502–1. The Second Circuit has held that, aside from the date of actual delivery, these are the only means by which a plaintiff can prove the date documents were filed with the IRS. *See, e.g., Deutsch v. Commissioner of Internal Revenue*, 599 F.2d 44, 46 (2d Cir.1979) (finding that Congress intended to limit proof of mailing to objective

evidence of postmark). Thus, when taxpayers fail to present the actual postmarked envelope or receipt under Section 7502, "courts have consistently rejected testimony or other evidence as proof of the actual date of mailing." *Washton v. United States*, 13 F.3d 49, 50 (2d Cir.1993); *see, e.g., Deutsch*, 599 F.2d at 46 (refusing to consider testimony of taxpayer's accountant to prove actual date of mailing); *Prowse v. Internal Revenue Service*, No. 89 Civ.2084, 1992 WL 330213, at *2 (E.D.N.Y. Sept.9, 1992) (deeming "self-serving" testimony of party "insufficient to establish that a tax form was duly filed; proof must be as provided in section 7502, *i.e.* by submitting a receipt"). If the taxpayer "cannot fit within one of the statutory exceptions embodied in Section 7502, then filing occurs upon actual receipt by the IRS." *Prowse*, 1992 WL 330213, at *3.

Plaintiff claims that he filed his refund claim on April 15, 1987, within the three year statute of limitations period. Compl. at 1. In support of his claim, Plaintiff has submitted an affidavit from his accountant, who attests that he mailed Plaintiff's 1983 returns "on April 15, 1987, via certified mail." *See* Finbarr Collins Aff. at 1. The Government contends, through an affidavit of an IRS employee, that Plaintiff's refund claim was not received by the IRS until April 21, 1987. *See* Lilian Cohen Aff. ¶ 4. The Government explains that the "Envelope Postmark" stamp, which was affixed to Plaintiff's claim

---

(1st Cir.1993); *Smith v. United States*, No. 95 Civ. 1373, 1996 WL 741570, at *1 (E.D.Mo. Sept.11, 1996); *Sugro, Inc. v. United States*, 156 F.R.D. 233, 234 (D.Col.1994), *aff'd*, No. 94 Civ. 1421, 1995 WL 365666 (10th Cir. June 20, 1995); *Gallo v. United States*, No. 93 Civ. 7572, 1994 WL 557072, at *2 (S.D.N.Y. Oct.11, 1994); *Henderson v. B.D. Backaric*, No. 94 Civ. 4230, 1995 WL 408414, at *5 (D.Kan. May 24, 1995); *Zabiegalski v. Commissioner of Internal Revenue*, No. 93 Civ. 678, 1994 WL 178123, at * 1 (M.D.Pa. Feb. 22, 1994); *Kishnani v. United States*, No. 91 Civ. 3953, 1993 WL 41777, at *2– *3 (E.D.N.Y. Feb.12, 1993); *Estate of Cowan v. Department of Treasury*, No. 80 Civ. 3880, 1981 WL 1797, at *1 (S.D.N.Y. May 21, 1981). *But see Lee v. Brady*, No. 92 Civ. 77315, 1993 WL 466445, at *2 (E.D.Mich. July 30, 1993); *Herren v. United States*, 679 F.Supp. 614, 615 (W.D.La. 1987).

**5.** Section 7502 provides, in pertinent part:
(a) General Rule. (1) Date of delivery. If any return, claim, statement, or other document

required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be....(c)(1) Registered mail. For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail ... the date of registration shall be deemed the postmark date.

26 U.S.C. § 7502.

upon its receipt by the IRS, is dated April 20, 1987. *Id.* ¶¶ 4–5.[6]

■ Aside from the testimony of his accountant, Plaintiff has offered no direct evidence of the postmark of his refund claim. In any event, it appears that Plaintiff could not produce such evidence, as the IRS discarded the original postmarked envelope, *see id.*, and Plaintiff's accountant "lost [his] proof of mailing (United States Postal Service certified mail receipts) for the returns sent to the I.R.S.," Finbarr Collins Aff. at 1. Because the testimony of Plaintiff's accountant is insufficient to establish that the refund claim was filed on or before April 15, 1987, and because no Section 7502 evidence has been presented, Plaintiff cannot establish timely filing of his claim. Accordingly, the Court lacks subject matter jurisdiction over this action.

## CONCLUSION

For all the foregoing reasons, the Government's motion is granted. The Court hereby amends the caption of this action to substitute the United States as the defendant and dismisses the action for lack of subject matter jurisdiction.

It is So Ordered.