Dorothy A. MAZUR, as Executrix of the Estate of Alois C. Mazur, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant.

No. 97–CV–0087E(H).

United States District Court, W.D. New York.

Nov. 14, 1997.

William A. Price, Buffalo, NY, for Plaintiff.

Glenn J. Melcher, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for Defendant.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this civil action brought under 26 U.S.C. § 7422, the plaintiff seeks a refund of $3,296.52 in taxes paid pursuant to the Federal Insurance Contribution Act ("FICA")— 26 U.S.C. § 3101 *et seq.* This Court has subject-matter jurisdiction and venue is proper. 28 U.S.C. §§ 1340, 1346(a)(1), 1396. Presently before this Court are cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff is the executrix of the Estate of Alois C. Mazur. Mazur was an Associate Judge of the City Court of Buffalo from 1965 until his retirement on September 9, 1991.

*See* Joint Stipulation of Facts, ¶ 1. He died July 30, 1993. *Id.* ¶ 2. Judge Mazur was one of several judges who had successfully sued the State of New York ("the State") challenging a pay disparity between judges in Buffalo and judges in Utica, N.Y.[1] As a result, Judge Mazur was awarded $43,091.81 representing back pay differentials for work performed between October 1, 1978 and September 9, 1991. *Id.* ¶¶ 3–4, 6.

During each of the years 1978 through 1991, Judge Mazur had paid the maximum FICA tax. *Id.* ¶ 5. The judgment awarded to Judge Mazur was paid in August 1992— during a year in which Judge Mazur had no other income which was subject to FICA taxation. *Id.* ¶¶ 6–7, 9. The State withheld from such award FICA taxes of $3,296.52 pursuant to Internal Revenue Service ("Service") Revenue Ruling 89–35, *id.* ¶ 8, which Ruling states the Service's position that, when an award of back pay is made, FICA taxes attach and are imposed on the employee (and the employer) at the tax rates in effect in the year in which the award is paid.

The plaintiff timely filed a claim with the Service for a refund of the entire amount withheld, which claim was denied by a Notice of Disallowance dated February 17, 1995. *Id.* ¶ 10. The Complaint in this action was filed February 13, 1997. An Answer was filed by the United States of America on April 11, 1997.

Firstly, it is noted that the proper defendant in this action is the United States of America. *See* 26 U.S.C. § 7422(f)(1). When a party is incorrectly named as defendant in a federal tax refund action, the proper remedy is to amend the pleadings. 26 U.S.C. § 7422(f)(2). Accordingly, this Court will deem the Complaint amended to name the United States of America as defendant in place and stead of the Commissioner of Internal Revenue. *See ibid.; Weisman v. I.R.S.,* 972 F.Supp. 185, 186 n. 1 (S.D.N.Y. 1997).

Turning to the merits, the defendant argues that FICA tax was properly imposed on

---

1. Such disparity was found unconstitutional for having no rational basis—in violation of the plaintiffs' rights to equal protection under the New York and United States Constitutions. *See*

*Davis v. Rosenblatt,* 159 A.D.2d 163, 167, 559 N.Y.S.2d 401 (3d Dept.1990), *appeal denied sub nom. Roberts v. Rosenblatt,* 79 N.Y.2d 758, 583 N.Y.S.2d 193, 592 N.E.2d 801 (1992).

the plaintiff's back pay award as wages[2] received in 1992 pursuant to the Internal Revenue Code ("the Code") and Department of Treasury regulations promulgated thereunder. *See* 26 U.S.C. §§ 3101, 3102, 3121; 26 C.F.R. §§ 31.3101–3, 31.3121(a)–2; *see also* Rev. Rul. 89–35; Rev. Rul. 55–203. The defendant reiterates the Service's position that FICA imposes a tax upon wages as they are actually received rather than when they are earned or when they ought to have been paid. The Code does not clearly address when FICA tax liability attaches to wages earned by an individual. However, the language of section 3101 supports the Service's position. The "Old-age, survivors, and disability insurance" tax rate is designated as follows:

| "In cases of wages received during: | The rate shall be: |
|---|---|
| 1984, 1985, 1986, or 1987 | 5.7 percent |
| 1988 or 1989 | 6.06 percent |
| 1990 or thereafter | 6.2 percent." |

26 U.S.C. § 3101(a). The "Hospital insurance" tax rate is designated, in part, as follows: "[W]ith respect to wages received after December 31, 1985, the rate shall be 1.45 percent." *Id.* § 3101(b)(6). Congress also established the practice whereby employers withhold such tax from wage earners' paychecks:

> "The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages *as and when paid.*" *Id.* § 3102(a) (emphasis added).

Treasury regulations are more clear that the FICA tax is due upon receipt by the employee of the wages. 26 C.F.R. § 31.3101–3 ("The employee tax attaches at the time that the wages are received by the employee."). Such regulations further state that "[i]n general, wages are received by an employee at the time they are paid by the employer to the employee." *Id.* § 31.3121(a)–2. No exception is made in the regulations for the receipt of back pay awards. The Service's position has consistently been that back pay awards are treated as wages received in the

year in which the award is paid. *See* Rev. Rul. 89–35; Rev. Rul. 78–336 ("back pay award is wages in the year paid, not in the year or years earned"); Rev. Rul. 55–203 (FICA tax on amounts paid on account of unpaid minimum wages or unpaid overtime compensation "should be deducted by the employer at the time the wages are paid over" pursuant to the Fair Labor Standards Act). The defendant asserts that, pursuant to such authority, the State properly withheld FICA tax on behalf of the federal government.

The plaintiff contends that the Service's position conflicts with decisions by two United States Courts of Appeals, with the "make-whole" remedial purposes of the federal civil rights laws and with principles of equity and fair compensation. Firstly, she relies on the decision in *Bowman v. United States*, 824 F.2d 528 (6th Cir.1987), which held that a back pay settlement ending a race discrimination lawsuit should be allocated to the years in which such back pay was "earned" for the purposes of the FICA tax. *Bowman*, in turn, relied upon *Social Security Bd. v. Nierotko ("Nierotko")*, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718 (1946), for the principle that "back wages should not be allocated to the period when the employer finally pays but 'should be allocated to the periods when the regular wages were not paid as usual.'" *Bowman*, at 530 (quoting *Nierotko*, at 370, 66 S.Ct. at 643). The defendant, however, contends that *Nierotko* is inapposite to the instant case—and to *Bowman*—and was improperly relied upon in the Sixth Circuit.

In *Nierotko*, an employee was found by the National Labor Relations Board ("the NLRB") to have been wrongfully discharged by his employer for his involvement in union activities. The NLRB ordered that his employer reinstate him and further ordered back pay for a two-and-a-half-year period. The Social Security Board ("the Board") subsequently refused to credit the employee's Old Age and Survivors Insurance Account with the amount of back pay awarded him by the NLRB. *Id.* at 359, 66 S.Ct. at 638. The

---

**2.** The plaintiff does not dispute that the back pay award constituted "wages" as that term is de-

fined in 26 U.S.C. § 3121.

Court agreed with the employee that the back pay award constituted wages for the purpose of earning Social Security benefits and affirmed the Court of Appeals decision reversing the Board's determination. In doing so, the Court noted that "[o]nly those who earn wages are eligible for benefits. The periods of time during which wages are earned are important and may be crucial on eligibility * * *." *Id.* at 361, 66 S.Ct. at 639 (footnote omitted). Without further discussion of the allocation of wages among prior years, the Court concluded:

> "If, as we have held above, 'back pay' is to be treated as wages, we have no doubt that it should be allocated to the periods when the regular wages were not paid as usual. Admittedly, there are accounting difficulties which the [Social Security] Board will be called upon to solve but we do not believe they are insuperable." *Id.* at 370, 66 S.Ct. at 643.

The Court also noted in a footnote to such conclusion:

> " 'Back pay' is now treated distributively under the Internal Revenue Code. § 119, Revenue Act of 1943, 58 Stat. 39.[3]" *Id.* at 371 n. 26, 66 S.Ct. at 644 n. 26.

The plaintiff argues that *Bowman* properly applied *Nierotko* 's "allocation principle" and that *Bowman* has been followed by the Fifth Circuit's Court of Appeals. *See Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1580 (5th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990) (citing *Bowman* for the proposition that "[a]t least for purposes of FICA (Social Security) taxes, a plaintiff receiving a back pay award is liable for the taxes that would have accrued in the year the wages were due"). However, *Johnston* did not discuss the reasoning used in *Bowman*. Further, as the defendant contends, the United States Court of Appeals for the Fourth Circuit has reached the opposite conclusion. *See Hemelt v. U.S.*, 122 F.3d 204, 210–211 (4th Cir.1997)

("Taxpayers' final claim, that the [back pay settlement] payments they received should be allocated to the years to which they are attributable * * *, is also meritless.") (citing 26 C.F.R. § 31.3121(a)-2(a)). However, *Hemelt* did not mention *Bowman* or the allocation principle of *Nierotko*. The Eighth Circuit's Court of Appeals has noted a "split of authority" on this issue. *Tungseth v. Mutual of Omaha Ins. Co.*, 43 F.3d 406, 409 (8th Cir.1994) (comparing *Nierotko* and *Bowman* with Rev. Rul. 89–35 without reaching the issue). To this Court's knowledge, no court within this Circuit has squarely addressed this issue. *But see Algie v. RCA Global Communications*, 1995 WL 606096 (S.D.N.Y. 1995) (declining to compel an employer to withhold FICA tax at lower rates prevailing in the year to which back pay was attributable).

This Court agrees with the defendant that *Bowman* should not control the outcome in this case. Firstly, the Treasury Department regulation which deems the FICA tax to attach upon the actual (or constructive) receipt of wages by an employee was enacted more than sixty years ago. *See* 1 Fed.Reg. 1764, 1770 (November 11, 1936) ("The employees' tax attaches at the time that the wages are either actually or constructively received by the employee."). Such regulation has not been substantially altered or amended since its promulgation. Treasury regulations which have prevailed without change are deemed to have received Congressional approval and to have the authoritative weight of statutory law. *See Cottage Savings Assn. v. Commissioner*, 499 U.S. 554, 561, 111 S.Ct. 1503, 1508, 113 L.Ed.2d 589 (1991); *Helvering v. Winmill*, 305 U.S. 79, 83, 59 S.Ct. 45, 46, 83 L.Ed. 52 (1938). Such weight was not afforded in *Bowman*. Secondly, the reasoning employed in *Bowman* does not persuade this Court to upset the Service's long-standing practice of collecting FICA taxes as they are paid. Specifically, *Bowman's* reliance on *Nierotko*—which

---

**3.** Such is a reference to an amendment to section 107 of the Internal Revenue Code of 1939—later codified at 26 U.S.C. § 1303—which provided, in part, that, for the purpose of the federal income tax, back pay received for services performed prior to the taxable year and not paid due to a "dispute as to the liability of the employer to pay such remuneration, which is determined after the commencement of court proceedings," would, in some cases, be taxed as though received in the years in which such were earned. § 119(a) (codified at § 107(d)). Said provision was repealed by the Tax Reform Act of 1986, Pub.L. 99–514, Title I, § 141(a).

case concededly was "factually distinguishable" from the instant circumstances, *Bowman,* at 530—is questionable. *Nierotko* dealt with eligibility for Social Security benefits and relied upon the purpose of the Social Security Act[4] to reach the conclusion that Congress intended to treat back pay as wages. *Id.* at 369–370, 66 S.Ct. at 643–44. Further, the conclusion that back pay should be allocated to the years in which such was earned was reached solely with respect to the accrual of benefits and was apparently not based on any precedent except the prevailing practice of allocating back pay awards for the purpose of federal income tax, which practice no longer endures.[5] Further, such allocation may have had the effect of preventing that employee from being disqualified from receiving Social Security benefits because of a lapse in employment, which effect was recognized by the Court. *See id.* at 361–362 nn. 6–7, 66 S.Ct. at 639–40 nn. 6–7. Based on the foregoing, this Court declines to follow *Bowman* in its application of "the allocation principle" established by *Nierotko. Bowman,* at 530; *see Algie,* at *2 (questioning the applicability of *Nierotko* in these circumstances).

■ The plaintiff also asserts that the practice of imposing FICA taxes constitutes a penalty against victims of employment discrimination and conflicts with the "make-whole" remedial purpose of the federal civil rights laws. *See* Plaintiff's Brief, at 7–10. This argument fails because the remedy provided by the civil rights laws is obtained against the wrongdoer and not against the United States or its Treasury. As the defendant suggests, Judge Mazur could have demanded from the State an increased award for the additional tax liability that resulted from his receiving a lump sum award. *See, e.g., Gelof v. Papineau,* 829 F.2d 452, 455 (3d Cir.1987) (remanding for further findings an award for the increased income tax burden which resulted from a lump sum payment where the defendant conceded liability for such); *Sears v. Atchison, Topeka & Santa Fe Ry.,* 749 F.2d 1451, 1456 (10th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985) (upholding the district

court's award for additional tax liability resulting from lump sum payment in light of protracted nature of litigation); *see also Hukkanen v. Intern. Union of Operating Engineers,* 3 F.3d 281, 287 (8th Cir.1993) (upholding trial court's declining to increase a back pay award where the plaintiff failed to present evidence of or to provide a convenient way for the court to calculate the appropriate amount for the tax increase). Judge Mazur's situation provided a strong argument for such an increase, which increase was readily calculable.

Lastly, the plaintiff argues that taxation of the 1992 award payment conflicts with principles of equity and of fair compensation. *See* Plaintiff's Brief, at 10–11. To the extent that the plaintiff argues that Judge Mazur was not compensated fairly for the unconstitutional pay disparity, such argument merely recasts her previous argument and is rejected. The plaintiff's argument that the federal government was unjustly enriched is also meritless.

Accordingly, it is *ORDERED* that the defendant's motion for summary judgment dismissing the Complaint is granted, that the plaintiff's cross-motion for summary judgment is denied and that this case shall be closed.

---

4. Such purpose was explained as being to provide for "the decent support of elderly workmen who have ceased their labor." *Nierotko,* at 364, 66 S.Ct. at 640.

5. *See* note 3, *supra.*